No. 16-1639

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 05, 2016
DEBORAH S. HUNT, Clerk

In re: JOSEPH MAZE,

    Movant.

O R D E R

Before: BATCHELDER, MOORE, and DONALD, Circuit Judges.

    Joseph Maze, a federal prisoner proceeding pro se, moves for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  *See* 28 U.S.C. §§ 2244(b), 2255(h).  Relying on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), in which the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), as unconstitutionally vague, Maze argues that he is entitled to relief from his designation as a career offender under the United States Sentencing Guidelines, which contain an identical residual clause.

    In 2008, a jury convicted Maze of possessing with intent to deliver more than five grams of cocaine base.  The district court sentenced him as a career offender to 240 months of imprisonment, and we affirmed.  *United States v. Maze*, 382 F. App'x 462 (6th Cir. 2010).  In 2011, Maze filed a § 2255 motion, which the district court denied on the merits.  Maze did not appeal.

    Maze now seeks permission to file a second or successive § 2255 motion in order to argue that, in light of *Johnson*, he no longer qualifies as a career offender.

    We may authorize the filing of a second or successive § 2255 motion when the applicant makes a prima facie showing that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  *Johnson* announced a new substantive rule of

constitutional law made retroactively applicable to cases on collateral review by the Supreme Court. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). And our court recently held that, under *Johnson*, the residual clause of § 4B1.2(a) of the guidelines is also unconstitutionally vague. *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016).

Maze has not made a prima facie showing that *Johnson* affects his sentence. The district court applied the career-offender enhancement because Maze had two prior "controlled substance offenses," as defined by USSG § 4B1.2(b). Thus, even assuming that *Johnson* applies retroactively on collateral review to defendants sentenced under the career-offender guideline, Maze's designation as a career offender was not based upon § 4B1.2(a)'s residual clause.

Accordingly, we **DENY** Maze's motion for authorization to file a second or successive § 2255 motion.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: October 05, 2016

Joseph Maze
FCI Greenville
P.O. Box 5000
Greenville, IL 62246-0000

Re:  Case No. 16-1639, *In re: Joseph Maze*
Originating Case No. : 1:11-cv-01007 : 1:07-cr-00170-1

Dear Sir,

   The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Roy G. Ford
Case Manager
Direct Dial No. 513-564-7016

cc:  Ms. Sally Berens
     Mr. Thomas Dorwin

Enclosure

No mandate to issue