No. 17-1111

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re: JOSEPH MAZE,

    Movant.

)
)
)
)
)
)
)
)

O R D E R

FILED
Jun 28, 2017
DEBORAH S. HUNT, Clerk

Before: SUHRHEINRICH, MOORE, and COOK, Circuit Judges.

Joseph Maze, a federal prisoner proceeding pro se, moves this court for an order authorizing the district court to consider a second or successive motion to vacate his sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(h).

In 2008, Maze was convicted of possession with intent to distribute more than five grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). His presentence report assigned him a career offender enhancement pursuant to USSG § 4B1.1 based on prior drug convictions. The district court eventually sentenced him to 240 months of imprisonment. We affirmed his conviction on direct appeal. *United States v. Maze*, 382 F. App'x 462, 464 (6th Cir. 2010).

In 2011, Maze filed a § 2255 motion, arguing that counsel performed ineffectively during trial. The district court denied the motion, and Maze did not appeal.

In 2016, Maze filed a second § 2255 motion, contending that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer qualified as a career offender. The district court transferred the motion to this court for consideration as a motion seeking authorization to file a second or successive § 2255 motion. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). We denied the motion, finding that Maze's career offender status was unaffected by *Johnson* because Maze's status was based on prior controlled substance offenses rather than crimes of violence.

*In re Maze*, No. 16-1639 (6th Cir. Oct. 5, 2016) (order); *see Johnson*, 135 S. Ct. at 2563 (holding unconstitutionally vague the residual clause of the definition of "violent felony" in the Armed Career Criminal Act).

In 2017, Maze filed the current motion. He appears to be raising another challenge to his career offender designation, citing primarily *Johnson*; *Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016); *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), *abrogated by Beckles v. United States*, 137 S. Ct. 886 (2017); and *United States v. Litzy*, 137 F. Supp. 3d 920 (S.D.W. Va. 2015).

A second or successive § 2255 motion containing new claims must meet at least one of the two prongs set out in 28 U.S.C. § 2255(h):  (1) the claim must involve "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) the claim must involve "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  The movant must make a "prima facie showing" that the applicable criteria are satisfied. 28 U.S.C. § 2244(b)(3)(C).

Maze has not made a prima facie showing. We have already found that *Johnson* does not affect Maze's career offender designation, and Maze is therefore not entitled to file a second or successive § 2255 motion based on *Johnson*. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The Supreme Court abrogated *Pawlak* in *Beckles*. *Beckles*, 137 S. Ct. at 897. Neither *Hinkle* nor *Litzy* announced a new rule of constitutional law that the Supreme Court has made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(h). *Mathis* also did not introduce a new rule of constitutional law. *See Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016). Maze has not otherwise pointed to new facts or new law that would allow him to meet the requirements of § 2255(h). *See* 28 U.S.C. § 2255(h).

No. 17-1111
- 3 -

Accordingly, Maze's motion for an order seeking authorization to file a second or successive motion to vacate his sentence is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: June 28, 2017

Ms. Sally Berens
Office of the U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501

Mr. Joseph Maze
FCI Greenville
P.O. Box 5000
Greenville, IL 62246-0000

Re: Case No. 17-1111, *In re: Joseph Maze*
Originating Case No. : 1:07-cr-00170-1 : 1:11-cv-01007

Dear Counsel and Mr. Maze:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Leon T. Korotko
Case Manager
Direct Dial No. 513-564-7014

cc:  Mr. Thomas Dorwin

Enclosure

No mandate to issue