UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JOSEPH MAZE,

       Defendant.

_____/

CASE No. 1:07-cr-170

HON. ROBERT J. JONKER

# OPINION REGARDING DEFENDANT MAZE'S FIRST STEP ACT MOTION

## INTRODUCTION

In November 2007, a jury convicted Defendant Maze of possession with intent to distribute at least five grams of crack cocaine. The government had a Section 851 Notice on file reporting four prior felony drug offense convictions. At the time of Defendant Maze's sentencing in December of 2008,[1] this exposed him to a statutory penalty range of ten years to life in prison. He was twenty-five years old at the time.

The matter before the Court is Defendant Maze's motion for modification or reduction in sentence under the newly enacted First Step Act, which provides for the retroactive application of certain sentencing reforms contained in the 2010 Fair Sentencing Act. (ECF No. 69). The Court appointed counsel to assist Defendant Maze with his First Step motion. Both sides have filed briefs. The government responds that Defendant Maze is eligible for a reduced sentence, but it

---

[1] Sentencing was delayed, in part, to permit a competency examination based on Defendant's behavior during the preparation for sentencing. (*See* ECF No. 42).

contends that a reduction is not warranted here because the recalculated guideline range is still above the sentence Defendant Maze is currently serving. (ECF No. 76). The defense argues that nothing within the First Step Act precludes a further reduction to take into account the Court's earlier variance as applied to the reduced guideline range. (ECF No. 77).

The Court finds that Defendant Maze is eligible for relief under the First Step Act, but that he is not entitled to a plenary resentencing. Nor does the Court see any other need for a hearing on the fully briefed issues. The Court can and does exercise its discretion under the First Step Act to relieve Defendant Maze of the mandatory-minimum sentence originally applicable to his crack cocaine offense, and to reduce Defendant Maze's sentence as provided in this Opinion and corresponding Order.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Defendant Maze's Charge & Conviction*

On June 21, 2007, two officers with the Grand Rapids Police Department made contact with Defendant outside of the Wealthy Street Market in Grand Rapids, Michigan.[2] When an officer stepped out of the patrol car to question Defendant, Defendant ran and ignored the officer's command to stop. A pursuit ensued, during which the officer observed a clear plastic bag fall to the ground. Other officers then caught up to Defendant and placed him under arrest. The clear plastic bag was found near where Defendant was arrested, and the pursuing officer confirmed this was the bag he had seen fall to the ground while chasing Defendant. The bag contained approximately 7.53 grams of crack cocaine.

---

[2] The store had a "no-trespass" letter on file, which meant the police could detain, question, and arrest those loitering at the market.

A Grand Jury charged Defendant Maze with possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1); (b)(1)(B)(iii) on July 11, 2007. (ECF No. 1). On November 1, 2007, a jury found Defendant Maze guilty of the charge, specifically finding that the quantity of crack cocaine involved in the offense was at least five grams of crack cocaine, the highest quantity determination the verdict form asked the jury to reach. (ECF No. 29).

### 2. *PSR & Sentencing*

The Final Presentence Report (PSR) prepared by the probation officer found that Defendant Maze was responsible for 7.53 grams of crack cocaine. (PSR ¶ 24). The quantity triggered an initial base offense level of 24 which was also the total drug offense level.[3] (PSR ¶¶ 24, 31).

The PSR determined, however, that Defendant Maze qualified as a career offender because he committed the offense of conviction after sustaining two prior felony convictions for a controlled substance offense. (PSR ¶ 32). Since the statutory maximum penalty for the offense of conviction with a prior conviction for a felony drug offense was life imprisonment under Section 841(b)(1)(B)(iii), the guidelines called for a career offender offense level of 37. *See* U.S.S.G. § 4B1.1(b)(A) (2009). Level 37 being higher than the offense level calculated under Section 2D1.1, the career offender offense level took precedence and became Defendant Maze's total offense level. (PSR ¶ 34).

---

[3] Testimony was presented at Defendant's sentencing that Defendant had sold much higher quantities of crack cocaine. The government, though, did not object to the guidelines as calculated.

3

The officer then scored Defendant's criminal history at fourteen points, resulting in a criminal history category of VI.[4] (PSR ¶ 57). The guideline range for the conviction, based on a career offender total offense level of 37 and criminal history category of VI was 360 months to life on the chart. (PSR ¶ 96).[5] At the sentencing hearing, the Court varied downward and imposed a sentence of 240 months custody. The Court found this to be an appropriate sentence based on a variety of considerations, including the Section 3353 factors:

> I'm not prepared to say that this is a case for the mandatory minimum of 120 months. I don't think that would be sufficient. But I'm not prepared to say that this is an appropriate case for 30 years or 360 months either. The Court believes that this is a situation that calls for a sentence somewhere between those two, and the Court's intended sentence for terms of incarceration is 240 months, which is 20 years. Still a very lengthy sentence in the Court's view given the overall circumstances of this offense. I think that 240 months reflects fairly and justly the overall range of what happened here, both what was specifically the offense of conviction, the significant criminal history that I see . . . and still reflects room to allow that career offender guideline to function, and even more severe levels when the person involved and in the front of the Court has what I would call added culpability factors such as those that I noted that were absent in this case.

(ECF No. 56, PageID.228). Judgment entered on December 22, 2008. (ECF No. 54).

### 3. *Post Sentencing Matters*

The Sixth Circuit Court of Appeals affirmed Defendant's conviction and sentence on June 25, 2010. *United States v. Maze*, No. 09-1051 (6th Cir. June 25, 2010). This Court then denied Defendant Maze's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Maze v. United States*, No. 1:11-cv-1007 (W.D. Mich. May 21, 2012). The Court subsequently

---

[4] Because Defendant Maze qualified as a career offender, his criminal history was also required to be VI. *See* U.S.S.G. § 4B1.1(b) (2009). (PSR ¶ 58).
[5] Without the career offender status, Defendant Maze's Section 2D1.1 offense level of 24 and criminal history category of VI would have resulted in a guideline range on the chart of 100 to 125 months on the chart, or 120 to 125 months after accounting for the statutory mandatory minimum.

4

transferred a second or successive Section 2255 motion to the Court of Appeals on June 7, 2016. *Maze v. United States*, No. 1:16-cv-568 (W.D. Mich. June 7, 2016). On October 5, 2016, the Court of Appeals denied Defendant Maze's motion for authorization to file a second or successive Section 2255 motion. *In re Joseph Maze*, No. 16-1639 (6th Cir. Oct. 5, 2016). The Court denied a second motion on June 28, 2017. *In re Joseph Maze*, No. 17-1111 (6th Cir. June 28, 2017).

### 4. *The Fair Sentencing Act of 2010*

In the summer of 2010 Congress passed the Fair Sentencing Act of 2010, Pub L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act reduced the sentencing disparity between crack and powder cocaine offenses by increasing the amount of crack cocaine needed to trigger the mandatory minimums established in the Anti-Drug Abuse Act of 1986. *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013) (en banc); *see also Dorsey v. United States*, 567 U.S. 260, 263-64 (2012). More specifically, the Fair Sentencing Act increased the threshold quantity in 21 U.S.C. § 851(b)(1)(A)(iii) from 50 grams or more of crack cocaine to 280 grams or more. Fair Sentencing Act at § 2(a)(1). The Fair Sentencing Act also increased the threshold quantity in 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams or more of crack cocaine to 28 grams or more. Fair Sentencing Act at § 2(a)(2). Today, therefore, in order to trigger the sentencing range of Section 841(b)(1)(B)(iii) that Defendant Maze was convicted under, the offense must involve more than 28 grams of crack cocaine.

Those changes made by the Fair Sentencing Act, however, were not retroactive. *Blewett*, 746 F.3d at 650.[6] Because Defendant Maze had been convicted and sentenced before the Fair Sentencing Act's enactment he was not, at that time, eligible for any relief.

---

[6] In *Dorsey v. United* States, 567 U.S. 260 (2012), the Supreme Court determined that the Fair Sentencing Act applied to any defendant sentenced on or after August 3, 2010, regardless of when

## 5. *The First Step Act of 2018*

On December 21, 2018, President Trump signed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act") into law. The First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Simons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019). In Section 404 of the First Step Act, Congress made the Fair Sentencing Act's statutory changes for crack cocaine offenses retroactive to defendants who were sentenced before August 3, 2010:

> SEC. 404. APPLICATION OF FAIR SENTENCING ACT.
>
> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

---

the offense occurred. Because Defendant Maze was sentenced before August 3, 2010, *Dorsey* did not provide him with a pathway to any relief.

First Step Act of 2018, Pub. L. No. 115-319, § 404, 132 Stat. 5194 (2018).

Accordingly, defendants who were convicted before August 3, 2010 of a crack cocaine offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible for consideration of a reduced sentence. First Step Act of 2018, Pub. L. No. 115-319, § 404(a), (b), 132 Stat. 5194 (2018). Whether to reduce the sentence of an eligible defendant is left to the reviewing court's discretion. *Id.* at § 404(c). No reduction is required.

## DISCUSSION

**1. Summary of the Court's Process**

In an earlier Order, this Court set out a two-step process for evaluating First Step Act motions. *See United States v. Boulding*, 379 F. Supp. 3d 646 (W.D. Mich. May 16, 2019). The first step is determining eligibility. In *Boulding* the Court concluded that "eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act." *Id.* at 651. As applied to that case, this determination meant that the quantity of narcotics (whether admitted, found by a jury, or found by a court) did not factor into the question of eligibility. That is true here as well, but this case also presents issues relating to a defendant's career offender status. Based on the Court's approach in *Boulding*, these questions do not affect the categorical eligibility determination. They simply inform the Court's discretionary call at the second step. *United States v. Bean*, No. 1:09-CR-143, 2019 WL 2537435, at *4 (W.D. Mich. June 20, 2019).

At the second step, a reviewing court evaluates the motion to determine whether it should exercise its discretion to reduce a defendant's sentence. This calls for a determination of the scope of the relief available. Here the Court previously determined, and reaffirms here, that the First

Step Act does not provide for a plenary-resentencing. *Boulding*, 379 F. Supp. 3d at 651; *see also United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (concluding the First Step Act does not provide for a plenary resentencing and that the defendant need not be present for a reduction in sentence); *United States v. Jones*, No. 2:05-CR-29-FL-1, 2019 WL 2480113, at *2 (E.D.N.C. June 11, 2019) (noting that under 18 U.S.C. § 3582(c) a court may not modify a term of imprisonment except for a narrow range of situations, including "to the extent otherwise expressly permitted by statute," 18 U.S.C. § 3582(c)(1)(B), and holding that "[t]he First Step Act permits the court to impose a 'reduced sentence' and 'modify' the term of imprisonment under § 3582(c)(1)(B), but it does not 'expressly permit' full resentencing."). But as the Court has also remarked, "unlike earlier rounds of retroactive crack or other drug sentencing relief, the First Step Act does not impose any artificial or guideline limits on a reviewing court. These earlier rounds of retroactive reduction proceeded under 18 U.S.C. § 3582(c)(2) based on Sentencing Commission guideline reductions and were therefore subject to the limitations built into that section. The First Step Act is different. The Sentencing Commission has nothing to do with it." *Boulding*, 379 F. Supp. 3d at 653.

This means, among other things, that career offenders like Defendant Maze who did not previously receive relief under the retroactive amendments may now be able to receive a reduced sentence, if the Court exercises its discretion to do so. At this point the Court considers whether to reduce a sentence by looking at the factors set out in Section 3553(a), the revised statutory range under the Fair Sentencing Act, any amendments to the guideline range, and post-sentencing conduct. *Jones*, 2019 WL 2480113, at *2.

### 2. Defendant Maze is Eligible for a Reduced Sentence.

At the first step, the Court concludes Defendant Maze is eligible for consideration of a reduced sentence under the First Step Act. Indeed, the parties do not argue otherwise. Defendant Maze's offense was committed before the Fair Sentencing Act's enactment on August 3, 2010; he was further convicted under the enhanced penalties found in Sections 841(b)(1)(B)(iii); and those penalties were "modified by section 2 . . . of the Fair Sentencing Act of 2010[.]" He was, accordingly, convicted of a "covered offense."

The categorical limitations in Section 404(c) also do not apply to Defendant Maze. His sentence was not "previously imposed or previously reduced in accordance" with the Fair Sentencing Act's amendments. And he has not previously moved to reduce his sentence under Section 404 of the First Step Act. Accordingly, the Court concludes that Defendant is eligible under Section 404(a) for a reduced sentence under Section 404(b).

### 3. Scope of Relief

#### a. *Guideline Comparison*

At the second step the Court considers the scope of relief available to Defendant and then proceeds to determine by how much, if any, it should reduce Defendant Maze's sentence. The Court begins with a guideline range comparison. The table below demonstrates the differences between the offense level calculation as to Defendant's conviction as it existed when Defendant Maze was originally sentenced in 2008 and the guidelines as they exist now, taking into account all intervening drug guideline amendments and the retroactive application of the Fair Sentencing Act.

| Count 1 | Original Guidelines | Current Guidelines |
|---|---|---|
| **Base Offense Level**<br><br>*7.53 G Crack Cocaine* | Level 24 (§ 2D1.1(c)(8)) (2008)<br><br>*At least 5 G but less than 20 G of Crack Cocaine* | Level 16 (§ 2D1.1(c)(12))<br><br>*At least 5.6 G but less than 11.2 G of Crack Cocaine* |
| **Total Drug Offense Level** | Level 24 | Level 16 |
| **Statutory Penalty**<br><br>*with prior conviction for a felony drug offense / serious drug felony* | 10 years to life<br><br>*Section 841(b)(1)(B)(iii)* | Not more than 30 years<br><br>*Section 841(b)(1)(C)* |
| **Chapter Four Enhancement** | Level 37 (§ 4B1.1(b))<br><br>*Maximum Life Penalty* | Level 34 (§ 4B1.1(b))<br><br>*Maximum 30 Year Penalty* |
| **Total Offense Level** | Level 37<br><br>*Based on Career Offender Status* | Level 34<br><br>*Based on Career Offender Status* |
| **Criminal History Category Before Chapter 4** | Category VI | Category VI[7] |
| **Criminal History Category After Chapter 4** | Category VI (§ 4B1.1(b)) | Category VI (§ 4B1.1(b)) |
| **Guideline Range Before Consideration of Career Offender Status** | 100 to 125 months (LO 24; CH VI)<br><br>*120-125 months accounting for Statutory Penalty Range* | 46 to 57 months (LO 16; CHC VI) |
| **Guideline Range After Consideration of Career Offender Status and Statutory Penalty Range** | 360 months to Life (LO 37; CH VI) | 262 to 327 months (LO 34; CH VI) |

---

[7] Defendant scored 14 criminal history points. One of those points was awarded under U.S.S.G. § 4A1.1(e) for recency, a point that is no longer scored. Deducting this point would leave 13 criminal history points, still enough to score at category VI independent of Defendant's career offender status.

The parties agree that the statutory penalty provision applicable to Defendant Maze has been reduced because the amount of crack cocaine involved in the offense—approximately 7.53 grams of crack cocaine—is less than the 28 grams of crack cocaine now necessary to trigger those penalties.[8] The parties further agree that the new career offender range is 262 to 327 months. Beyond that, the parties disagree on what relief the Court should actually grant. The government says there is no basis for any reduction in light of the sentence Defendant received, which is still below the new guideline range. The defense says a reduction to account for the Court's downward variance is in order.

### b. *Discretionary Decision in this Case*

After its review of the record, including Defendant Maze's post-sentencing behavior, the Court elects to exercise its discretion to provide a reduction to Defendant Maze's sentence to 180 months of custody, but not less than time served. In evaluating the extent of the reduction, the Court considers the guideline analysis, the factors set forth in § 3553(a), the time Defendant Maze has already served, and the nature of the original offense conduct. The Court also considers Defendant's record in the BOP. The guideline analysis augers in favor of some reduction. Defendant's criminal history counsels caution. Defendant Maze has also completed several work and academic programs while in BOP custody, with only a few disciplinary infractions over the nearly eleven years since his sentencing. Considering and balancing all of these factors, the Court determines to reduce Defendant Maze's sentence to 180 months imprisonment. The Court notes

---

[8] Elsewhere, this Court has rejected the government's argument that a defendant is ineligible for relief if the record, including judge found facts, contains an amount sufficient to trigger the original penalty provisions. The Court need not probe any further into the issue here because the amount in this case is not sufficient to trigger the original penalty provisions under both the quantity charged in the Indictment and the quantity found in the PSR that was attributable to Defendant Maze.

that this reduction also approximates the variance the Court first imposed as originally calculated under the guidelines. All other terms of the original sentence remain unchanged.

According to the Bureau of Prisons' Website, Defendant is currently scheduled to be released from custody on August 8, 2024. It appears to the Court that Defendant will still have time yet to serve in custody even under the reduced sentence the Court is ordering today. However, given the general availability of good behavior credits, and out of an abundance of caution, the Court rules that the reduced sentence will be for no less than time served. *See United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at *3-*4 (W.D. Va. Feb. 22, 2019) (declining, under First Step Act, to reduce a sentence to less than time served because the need to protect the public and for deterrence directs that a defendant not be allowed to "bank time."). Moreover, the Court will further Order that this decision take effect ten days from the date of this Opinion in order to permit the Bureau of Prisons to complete certain administrative requirements, if necessary.

## CONCLUSION

Defendant Maze's motion for modification or reduction of sentence under the First Step Act (ECF No. 69) is granted to the extent detailed in this Opinion, and his term of imprisonment reduced to a total term of 180 months imprisonment but no less than time served. All other terms of the original sentence, including the ten years of supervised release, remain unchanged.

A separate Order consistent with this Opinion shall issue.


Dated: __October 17, 2019__  /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE